# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

In re: SCHURE, CINDY § Case No. 14-16618
§
§
Debtor(s) §

# TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on May 01, 2014. The undersigned trustee was appointed on May 01, 2014.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

4. The trustee realized the gross receipts of      $        10,832.50

    Funds were disbursed in the following amounts:

| | |
|---|---:|
| Payments made under an interim distribution | 0.00 |
| Administrative expenses | 4.11 |
| Bank service fees | 92.09 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of [1] | $    10,736.30 |

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (05/1/2011)**

6. The deadline for filing non-governmental claims in this case was 03/31/2016 and the deadline for filing governmental claims was 03/31/2016. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $1,833.25. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $1,833.25, for a total compensation of $1,833.25.[2] In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $4.62, for total expenses of $4.62.[2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 09/06/2016        By: /s/THOMAS E. SPRINGER, TRUSTEE
                            Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (05/1/2011)**

Exhibit A

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Page: 1

**Case Number:** 14-16618  
**Case Name:** SCHURE, CINDY  

**Period Ending:** 09/06/16

**Trustee:** (330640) THOMAS E. SPRINGER, TRUSTEE  
**Filed (f) or Converted (c):** 05/01/14 (f)  
**§341(a) Meeting Date:** 06/02/14  
**Claims Bar Date:** 03/31/16

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | Vacant Land: 1/2 acre lot located in Durango, CO co-owned w/ brother)1/2 Interest | 10,000.00 | 0.00 | | 0.00 | FA |
| 2 | Checking Account: Citibank | 200.00 | 0.00 | | 0.00 | FA |
| 3 | Security Deposit: Held By Landlord | 1,200.00 | 0.00 | | 0.00 | FA |
| 4 | Furniture: Household goods, Appliances, Office | 800.00 | 0.00 | | 0.00 | FA |
| 5 | Books-Music: DVD, Movies, Books | 80.00 | 0.00 | | 0.00 | FA |
| 6 | Clothes: | 200.00 | 0.00 | | 0.00 | FA |
| 7 | Sports-Hobby Equipment | 500.00 | 0.00 | | 0.00 | FA |
| 8 | Animals: 2 dogs, 2 cats | 200.00 | 0.00 | | 0.00 | FA |
| 9 | Stanley F. Schure Family Limited Partnership (u) | 25,000.00 | 25,000.00 | | 10,832.50 | FA |
| 9 | **Assets   Totals** (Excluding unknown values) | **$38,180.00** | **$25,000.00** | | **$10,832.50** | **$0.00** |

**Major Activities Affecting Case Closing:**

Hearing to approve compromise and sale of the Debtor's interest in the Stanley F. Schure Family Limited Partnership to another member of the partnership is 01/15/16. Debtor has also agreed to turnover her distribution check when received in April, 2016 which is estimated to be $2,000

**Initial Projected Date Of Final Report (TFR):**   December 15, 2015   **Current Projected Date Of Final Report (TFR):**   July 15, 2016

Printed: 09/06/2016 12:50 PM    V.13.28

Exhibit B

# Form 2

Page: 1

## Cash Receipts And Disbursements Record

**Case Number:** 14-16618  
**Case Name:** SCHURE, CINDY  
**Taxpayer ID #:** **-***5335  
**Period Ending:** 09/06/16  

**Trustee:** THOMAS E. SPRINGER, TRUSTEE (330640)  
**Bank Name:** Rabobank, N.A.  
**Account:** ****963166 - Checking Account  
**Blanket Bond:** $5,000,000.00 (per case limit)  
**Separate Bond:** N/A

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Trans. Date | {Ref #} / Check # | Paid To / Received From | Description of Transaction | T-Code | Receipts $ | Disbursements $ | Checking Account Balance |
| 02/19/16 | {9} | MaryKay Worthington | Settlement Pursuant to Order | 1223-000 | 8,000.00 | | 8,000.00 |
| 02/26/16 | 101 | Arthur B. Levine Company | BOND PREMIUM PAYMENT ON LEDGER BALANCE AS OF 02/26/2016 FOR CASE #14-16618, Bond Premium | 2300-000 | | 4.11 | 7,995.89 |
| 03/01/16 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 10.00 | 7,985.89 |
| 03/31/16 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 12.60 | 7,973.29 |
| 04/29/16 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 11.05 | 7,962.24 |
| 05/31/16 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 11.04 | 7,951.20 |
| 06/08/16 | {9} | Stanley F. Schure Family LP, Mary Kay Worthington GP | Liquidation of Personal Property | 1223-000 | 2,832.50 | | 10,783.70 |
| 06/30/16 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 15.52 | 10,768.18 |
| 07/29/16 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 14.92 | 10,753.26 |
| 08/31/16 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 16.96 | 10,736.30 |
| | | | **ACCOUNT TOTALS** | | 10,832.50 | 96.20 | **$10,736.30** |
| | | | Less: Bank Transfers | | 0.00 | 0.00 | |
| | | | **Subtotal** | | 10,832.50 | 96.20 | |
| | | | Less: Payments to Debtors | | | 0.00 | |
| | | | **NET Receipts / Disbursements** | | **$10,832.50** | **$96.20** | |

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| **Checking # ****963166** | 10,832.50 | 96.20 | 10,736.30 |
| | **$10,832.50** | **$96.20** | **$10,736.30** |

{} Asset reference(s)      Printed: 09/06/2016 12:50 PM    V.13.28

# E X H I B I T   C
## ANALYSIS OF CLAIMS REGISTER

**Claims Bar Date:** March 31, 2016

**Case Number:** 14-16618  
**Debtor Name:** SCHURE, CINDY  

Page: 1

**Date:** September 6, 2016  
**Time:** 12:50:40 PM

| Claim # | Creditor Name & Address | Claim Type | Claim Ref. No. / Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---:|---:|---:|
| 200 | SPRINGER BROWN, LLC<br>300 S. County Farm Road<br>Suite I<br>Wheaton, IL 60187 | Admin Ch. 7 | | $2,824.50 | $0.00 | 2,824.50 |
| 200 | SPRINGER BROWN, LLC<br>300 S. County Farm Road<br>Suite I<br>Wheaton, IL 60187 | Admin Ch. 7 | | $36.67 | $0.00 | 36.67 |
| 200 | THOMAS E. SPRINGER, TRUSTEE<br>300 S. County Farm Rd., Ste.I<br>Wheaton, IL 60187 | Admin Ch. 7 | | $1,833.25 | $0.00 | 1,833.25 |
| 200 | THOMAS E. SPRINGER, TRUSTEE<br>300 S. County Farm Rd., Ste.I<br>Wheaton, IL 60187 | Admin Ch. 7 | | $4.62 | $0.00 | 4.62 |
| 1P 570 | Illinois Department of Revenue<br>Bankruptcy Section<br>P.O. Box 64338<br>Chicago, IL 60664-0338 | Priority | | $1,019.52 | $0.00 | 1,019.52 |
| 3P 570 | Internal Revenue Service<br>PO Box 7317<br>Philadelphia, PA 19101-7317 | Priority | | $29,473.88 | $0.00 | 29,473.88 |
| 1U 610 | Illinois Department of Revenue<br>Bankruptcy Section<br>P.O. Box 64338<br>Chicago, IL 60664-0338 | Unsecured | | $101.55 | $0.00 | 101.55 |
| 2 610 | Quantum3 Group LLC as agent for<br>CF Medical LLC<br>PO Box 788<br>Kirkland, WA 98083-0788 | Unsecured | | $860.94 | $0.00 | 860.94 |
| 3U 610 | Internal Revenue Service<br>PO Box 7317<br>Philadelphia, PA 19101-7317 | Unsecured | | $479.74 | $0.00 | 479.74 |
| 4 610 | Midland Credit Management, Inc. as agent for<br>Midland Funding LLC<br>PO Box 2011<br>Warren, MI 48090 | Unsecured | Acct # 2630 | $6,446.87 | $0.00 | 6,446.87 |
| 5 610 | Midland Credit Management, Inc. as agent for<br>Midland Funding LLC<br>PO Box 2011<br>Warren, MI 48090 | Unsecured | acct # 1371 | $13,006.31 | $0.00 | 13,006.31 |
| 6 610 | American InfoSource LP as agent for<br>DIRECTV, LLC<br>PO Box 5008<br>Carol Stream, IL 60197-5008 | Unsecured | | $730.58 | $0.00 | 730.58 |

# E X H I B I T   C
## ANALYSIS OF CLAIMS REGISTER

**Claims Bar Date:** March 31, 2016

**Case Number:** 14-16618  
**Debtor Name:** SCHURE, CINDY

Page: 2

**Date:** September 6, 2016  
**Time:** 12:50:40 PM

| Claim # | Creditor Name & Address | Claim Type | Claim Ref. No. / Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 7 610 | Arizona Central Credit Union P.O.Box 11650 Phoenix, AZ 85061 | Unsecured | | $4,404.07 | $0.00 | 4,404.07 |
| **<< Totals >>** | | | | 61,222.50 | 0.00 | 61,222.50 |

**TRUSTEE'S PROPOSED DISTRIBUTION**  Exhibit D

Case No.: 14-16618
Case Name: SCHURE, CINDY
Trustee Name: THOMAS E. SPRINGER, TRUSTEE

**Balance on hand:** $ 10,736.30

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| None | | | | | |

Total to be paid to secured creditors: $ 0.00
Remaining balance: $ 10,736.30

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - THOMAS E. SPRINGER, TRUSTEE | 1,833.25 | 0.00 | 1,833.25 |
| Trustee, Expenses - THOMAS E. SPRINGER, TRUSTEE | 4.62 | 0.00 | 4.62 |
| Attorney for Trustee, Fees - SPRINGER BROWN, LLC | 2,824.50 | 0.00 | 2,824.50 |
| Attorney for Trustee, Expenses - SPRINGER BROWN, LLC | 36.67 | 0.00 | 36.67 |

Total to be paid for chapter 7 administration expenses: $ 4,699.04
Remaining balance: $ 6,037.26

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses: $ 0.00
Remaining balance: $ 6,037.26

**UST Form 101-7-TFR (05/1/2011)**

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $30,493.40 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---:|---:|---:|
| 1P | Illinois Department of Revenue | 1,019.52 | 0.00 | 201.85 |
| 3P | Internal Revenue Service | 29,473.88 | 0.00 | 5,835.41 |

Total to be paid for priority claims:  $   6,037.26
Remaining balance:  $   0.00

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 26,030.06 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---:|---:|---:|
| 1U | Illinois Department of Revenue | 101.55 | 0.00 | 0.00 |
| 2 | Quantum3 Group LLC as agent for | 860.94 | 0.00 | 0.00 |
| 3U | Internal Revenue Service | 479.74 | 0.00 | 0.00 |
| 4 | Midland Credit Management, Inc. as agent for | 6,446.87 | 0.00 | 0.00 |
| 5 | Midland Credit Management, Inc. as agent for | 13,006.31 | 0.00 | 0.00 |
| 6 | American InfoSource LP as agent for | 730.58 | 0.00 | 0.00 |
| 7 | Arizona Central Credit Union | 4,404.07 | 0.00 | 0.00 |

Total to be paid for timely general unsecured claims:  $   0.00
Remaining balance:  $   0.00

**UST Form 101-7-TFR (05/1/2011)**

    Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full.  The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

    Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |
| | | Total to be paid for tardy general unsecured claims: | $ | 0.00 |
| | | Remaining balance: | $ | 0.00 |

    Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full.  The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

    Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |
| | | Total to be paid for subordinated claims: | $ | 0.00 |
| | | Remaining balance: | $ | 0.00 |

**UST Form 101-7-TFR (05/1/2011)**